# EXHIBIT A

*Service Copy*



# IN THE 3RD JUDICIAL CIRCUIT COURT, PUTNAM COUNTY, MISSOURI

| Judge or Division: Division I<br>JUDGE JACK N PEACE | Case Number: 08AJ-CV00047 |
|---|---|
| Plaintiff/Petitioner:<br>SUSAN JOHNSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID M DUREE<br>PO BOX 771638<br>ST LOUIS, MO 63177-1638 |
| Defendant/Respondent:<br>ELIZABETH ARDEN, ET AL | Court Address:<br>1601 W MAIN<br>ROOM 202 COURTHOUSE<br>UNIONVILLE, MO 63565 |
| Nature of Suit:<br>CC Other Tort | |

*FILED FOR RECORD OFFICE OF CIRCUIT CLERK PUTNAM COUNTY, MO ON 8-4-08 MITZI SHIPLEY Circuit Clerk*

(Date File Stamp)

## Alias Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **KATHLEEN HEINEMAN**
Alias:

**State of Colorado**       l/k/a 16397 E. Berry Ave.
                            Centennial CO 80015

*COURT SEAL OF PUTNAM COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

August 4, 2008                    Mitzi Shipley /slk
_____             _____
Date                              Clerk
Further Information:              By Susan Koenen, Deputy

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ ( _____ miles @ $ _____ per mile)
Total      $ _____

See the following page for directions to clerk and to officer making return on service of summons.

---

OSCA (7-04) SM60 *For Court Use Only:* Document ID#        1 of 2        (08AJ-CV00047)        Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                506.500, 506.510 RSMo

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only.* Document ID#     2 of 2     (08AJ-CV00047)     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Sep 10 2008 1:13PM   Mortgage Investments   720-317-2336   p.3
Case 5:08-cv-06103-DW   Document 1-1   Filed 10/09/08   Page 3 of 14

IN THE CIRCUIT COURT FOR PUTNAM COUNTY
STATE OF MISSOURI

SUSAN JOHNSON )
ROBERT JOHNSON and )
COZY KITTENS CATTERY, LLC )
)
    Plaintiffs, )  Case No. 08AJ-CV00047
)
vs. )
)
ELIZABETH ARDEN d/b/a )
ComplaintsBoard.com, )  **PLAINTIFFS DEMAND TRIAL BY A JURY**
MICHELLE REITENGER, )
COMPLAINTSBOARD.COM, )
)
)
and )
INMOTION HOSTING, INC., )
Serve Registered Agent: )
Sunil Saxena )
2211 Corinth Avenue, Suite 100 )
Los Angeles, CA 90064 )
)
and )
MELANIE LOWRY )
Serve at: )
942 Stanley Avenue )
Escondido, CA 92026 )
)
and )
KATHLEEN HEINEMAN )
Serve at: )
163.97 East Berry Avenue )
Centennial, CO 80015-4050 )
)
    Defendants. )

FILED FOR RECORD
OFFICE OF CIRCUIT CLERK
PUTNAM COUNTY, MO ON
6-26-08
MITZI SHIPLEY
Circuit Clerk

## PETITION

COME NOW Plaintiffs, Susan Johnson, Robert Johnson, and Cozy Kittens Cattery, LLC, and for their Petition against Defendants, Elizabeth Arden d/b/a ComplaintsBoard.com, Michelle

Reitenger, ComplaintsBoard.com, Inmotion Hosting, Inc., Melanie Lowry and Kathleen Heineman, state:

## COUNT I (INJURIOUS FALSEHOOD)

1. Plaintiffs, Robert and Susan Johnson are individuals and residents and citizens of the state of Missouri, residing in Unionville, Missouri, where they operated a cat breeding business known as Cozy Kitten Cattery. During, about, December 2004, Plaintiffs, Robert and Susan Johnson, obtained a registered federal trade-mark and service mark for "Cozy Kitten Cattery". Plaintiffs, Robert and Susan Johnson, have operated their cat breeding business under that trade-mark in the state of Missouri and throughout the United States, and have licensed the use of that trade-mark and service mark to Cozy Kittens Cattery, LLC, once it was formed.

2. Plaintiff, Cozy Kittens Cattery, LLC, is a citizen of the state of Missouri where it is registered with the Missouri Secretary of State as a limited liability company and where it maintains its principal office and place of business. It was formed in 2007 by Robert and Susan Johnson as the sole members. After its establishment, Cozy Kittens Cattery, LLC operated the cat breeding business previously operated by Robert and Susan Johnson under the trade name "Cozy Kitten Cattery".

3. Defendant, Inmotion Hosting, Inc., is a corporation organized and existing under the laws of California, where it maintains it principal office and place of business. It is a citizen of the state of California. It hosts an interactive website known as ComplaintsBoard.com. It has refused to provide the address or location of the owners of the interactive website known as ComplaintsBoard.com, including, but not limited to, Defendants, Elizabeth Arden, Michelle Reitenger and ComplaintsBoard.com.

4. Defendant, Elizabeth Arden is an individual who owns and/or operates an interactive website known as ComplaintsBoard.com. The location, state citizenship and residency of Elizabeth Arden are unknown, and Defendant, Inmotion Hosting, Inc. refuses to provide that information.

5. Defendant, Michelle Reitenger, is an individual who operates an interactive website known as ComplaintsBoard.com. The location, state citizenship and residency of Michelle Reitenger are unknown, and Defendant, Inmotion Hosting, Inc. refuses to provide that information.

6. Defendant, ComplaintsBoard.com, is a corporation or other entity, which owns and operates an interactive website known as ComplaintsBoard.com. The location, state citizenship and residency of ComplaintsBoard.com are unknown, and Defendant, Inmotion Hosting, Inc. refuses to provide that information.

7. Defendant, Kathleen Heineman, is a citizen and resident of the state of Colorado. Defendant, Kathleen Heineman, is engaged in a cat breeding business in competition with the Plaintiffs. She sells cats and kittens throughout the United States, including the state of Missouri, while advertising on the Internet, using the web address of www.boutiquekittens.com. She advertises and sells cats and kittens using the name "Cozy Kittens and Cuddly Cats".

8. Defendant, Melanie Lowry, is a citizen and resident of the state of California.

9. The interactive website known as ComplaintsBoard.com is published worldwide on the Internet. Its Internet address is www.ComplaintsBoard.com. Through the Internet, the false statements about the Plaintiffs were published throughout the state of Missouri, and throughout the world, as set forth more specifically below.

3

10. The website ComplaintsBoard.com is interactive in nature. It permits and encourages individuals to post complaints about businesses and business owners such as the Plaintiffs. When individuals seek to post complaints on the website, they are required to register with the website and provide identifying information, such as their name and email address. The website also solicits and receives business from Missouri residents as part of the operation of the website and publishes the advertisements of its clients, for a fee, within the state of Missouri, by placing those advertisements on the interactive website. ComplaintsBoard.com can be reached only by email. It does not provide an address or a telephone number at which it may be contacted. It refuses to provide the identity of the people who post complaints on its interactive website known as ComplaintsBoard.com.

11. Plaintiffs advertise their cat breeding business on the Internet and Plaintiffs have their own Internet website with the address www.CozyKittens.com.

12. Any Internet search of Plaintiffs' cat breeding business, Cozy Kittens, immediately turns up all of the below described false, defamatory, injurious statements about the Plaintiffs and their cat breeding business.

13. During the past twenty months, Defendants, Kathleen Heineman and Melanie Lowry, posted the below described false, injurious, defamatory statements about the Plaintiffs on the ComplaintsBoard.com interactive website:

    a. That Plaintiffs kill cats;

    b. That Plaintiffs "rip off" cat breeders;

    c. That Plaintiffs steal kittens;

    d. That Plaintiffs' cats and kittens are infected;

    e. That Plaintiffs are con artists.

4

14. The above-described statements were false when made. Defendants, Melanie Lowry and Kathleen Heineman, knew that the statements were false when made, or alternatively, acted with reckless disregard for the truth or falsity of the statements when they were posted on the interactive website, ComplaintsBoard.com.

15. Defendants, Elizabeth Arden d/b/a ComplaintsBoard.com, Michelle Reitenger and ComplaintsBoard.com, published the false statements on the interactive website, ComplaintsBoard.com with reckless disregard for the truth or falsity of the statements when published.

16. Defendant, Inmotion Hosting, Inc., published the above-described false statements by hosting the website ComplaintsBoard.com with reckless disregard for the truth or falsity of the statements when posted in violation of its policies.

17. Defendant, Inmotion Hosting, Inc., refused to remove the above-described false statements from the interactive website known as ComplaintsBoard.com after Plaintiffs demanded the removal of said false statements. This violated the policies of Inmotion Hosting, Inc.

18. Defendants, Elizabeth Arden d/b/a ComplaintsBoard.com, Michelle Reitenger and ComplaintsBoard.com, and each of them, refused to remove the above-described false statements from the interactive website known as ComplaintsBoard.com, after Plaintiffs demanded the removal of said false statements, in violation of the written policy of ComplaintsBoard.com, which provides:

> "ComplaintsBoard.com does not knowingly allow incorrect or factually incorrect information to remain posted. If ComplaintsBoard.com is instructed to remove and delete a posted message by a Court, then the message will be removed and deleted."

19. Plaintiffs have made numerous demands upon Defendants, Elizabeth Arden d/b/a ComplaintsBoard.com, Michelle Reitenger, ComplaintsBoard.com, Inmotion Hosting, Inc., Melanie Lowry and Kathleen Heineman, to remove the above-described false statements from the interactive website known as ComplaintsBoard.com, and said Defendants, and each of them, have failed and refused to remove said false statements from the interactive website.

20. The above-described false statements were published on the interactive website known as ComplaintsBoard.com by the Defendants, and each of them, intentionally, intending to harm the pecuniary interests of the Plaintiff, while said Defendants recognize, or should have recognized, that the false statements were harm the pecuniary interests of Plaintiffs, Susan Johnson, Robert Johnson and Cozy Kittens Cattery, LLC.

21. At all times herein relevant, in the manner more specifically described above, Defendants, Elizabeth Arden d/b/a ComplaintsBoard.com, Michelle Reitenger, ComplaintsBoard.com, Inmotion Hosting, Inc., Melanie Lowry and Kathleen Heineman, acted in concert for the purpose of publishing the above-described false statements about the Plaintiffs on the interactive website known as ComplaintsBoard.com.

22. As a direct and proximate result of the false statements described above, Plaintiffs have suffered lost sales of kittens and cats, lost revenues and lost goodwill, and Plaintiffs will continue to suffer lost sales, lost revenues and damages in the future in a total sum in excess of $500,000.00.

23. The conduct of Defendants, Elizabeth Arden, Michelle Reitenger, ComplaintsBoard.com, Inmotion Hosting, Inc., Melanie Lowry and Kathleen Heineman, and each of them, as described above, was intentional, willful, malicious and outrageous, warranting

an award of punitive damages in favor of the Plaintiffs and against each Defendant, separately, in the sum of $500,000.00.

WHEREFORE, under Count I, Plaintiffs, collectively, pray for judgment against Defendants, Elizabeth Arden, Michelle Reitenger, ComplaintsBoard.com, Inmotion Hosting, Inc., Melanie Lowry and Kathleen Heineman, joint and severally, in a sum in excess of $500,000.00 for compensatory damages, plus the additional sum of $500,000.00 against Defendant separately as and for punitive damages, plus court costs.

### COUNT II (DEFAMATION)

24. Count II is filed by all three Plaintiffs against all six Defendants.

25. Plaintiffs reallege and incorporated herein by reference ¶¶ 1-23 as set forth in Count I above.

26. The false statements described above constitute defamation *per se*, slander *per se* and libel *per se* because the false statements damage Plaintiffs, Susan Johnson, Robert Johnson and Cozy Kittens Cattery, LLC, in their business, occupation and profession of breeding and selling cats and kittens. Said false statements damage the reputations of Susan Johnson, Robert Johnson and Cozy Kittens Cattery, LLC by imputing to them unsafe, incompetent, fraudulent and criminal business practices.

27. The false statements described above have caused all three Plaintiffs to suffer lost sales, loss of goodwill, lost revenues, loss of future sales and revenues and in addition have caused Plaintiffs, Susan Johnson and Robert Johnson, to suffer emotional distress, humiliation, embarrassment, disgrace, mental anguish and emotional trauma all to the damages of Plaintiff, Cozy Kittens Cattery, LLC, in a sum in excess of $500,000.00, and all to the damages of

7

Plaintiff, Susan Johnson, in a sum in excess of $1,000,000.00, and all to the damages of Plaintiff, Robert Johnson, in a sum in excess of $1,000,000.00.

28. The conduct of the Defendants, and each of them, described in Count II was intentional, willful, malicious and outrageous, warranting the award of punitive damages in favor of the Plaintiffs, collectively, and against each Defendant, separately, in the sum of $500,000.00.

WHEREFORE, under Count II, Plaintiff, Cozy Kittens Cattery, LLC, prays for compensatory damages against all six Defendants, jointly and severally, in the sum of $500,000.00, Plaintiff, Susan Johnson, prays for judgment against all six Defendants, jointly and severally, for compensatory damages, in a sum in excess of $1,000,000.00, Plaintiff, Robert Johnson, prays for judgment, for compensatory damages, against all six Defendants, jointly and severally, in a sum in excess of $1,000,000.00, and all three Plaintiffs, collectively, pray for the award of punitive damages in the sum of $500,000.00 to be award separately against each of the six Defendants, and all Plaintiffs pray for the award of Court costs.

## COUNT III (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

29. Count III is filed only by Plaintiffs, Susan Johnson and Robert Johnson against all six Defendants.

30. Plaintiffs, Susan Johnson and Robert Johnson, incorporate herein by reference ¶¶ 1-23, as fully set forth in Count I above and ¶¶ 26-28 as fully set forth in Count II above.

31. Defendants, and each of them, placed, posted and published the false statements described above intentionally for the purpose of causing Plaintiffs, Susan Johnson and Robert Johnson to suffer emotional distress and mental anguish.

8

32. As a result of the posting and publication of the false statements described above, Plaintiff, Susan Johnson, has suffered from extreme emotional distress, mental anguish and humiliation, all to her damages in a sum in excess of $1,000,000.00.

33. As a result of the posting and publication of the false statements described above, Plaintiff, Robert Johnson, has suffered from extreme emotional distress, mental anguish and humiliation, all to his damages in a sum in excess of $1,000,000.00.

34. The conduct of each of the six Defendants, described above and in this Count, was intentional, willful, malicious and outrageous warranting the award of punitive damages in favor of Plaintiffs, Robert Johnson and Susan Johnson, collectively, in the sum of $500,000.00 against each Defendant, separately.

WHEREFORE, Plaintiff, Susan Johnson, prays for judgment against all six Defendants, jointly and severally, for compensatory damages, in the sum of $1,000,000.00, plus the award of punitive damages, against each of the six Defendants, separately, in the additional sum of $500,000.00 as to each Defendant, separately, and Plaintiff, Robert Johnson, prays for judgment against all six Defendants, jointly and severally, for compensatory damages, in the sum of $1,000,000.00, plus the award of punitive damages, against each of the six Defendants, separately, in the additional sum of $500,000.00 as to each Defendant. Plaintiffs, Robert Johnson and Susan Johnson, pray for the award of court costs in their favor and against all Defendants.

### COUNT IV (VIOLATION OF THE LANHAM TRADE-MARK ACT, 15 U.S.C. § 1051 ET SEQ.)

35. Count IV is brought by all three Plaintiffs against Defendant Kathleen Heineman.

36. Plaintiffs reallege and incorporate herein by reference ¶¶ 1-12 as fully set forth in Count I above.

37. Defendant Kathleen Heineman's use of the name "Cozy Kittens and Cuddly Cats" impermissibly, without Plaintiffs' consent reproduces, counterfeits, and/or colorably imitates Plaintiffs' registered trade-mark/service mark "Cozy Kitten Cattery", in violation of 15 U.S.C. § 1114.

38. All three Plaintiffs request a permanent injunction against Defendant Kathleen Heineman, barring her from using the name Cozy Kittens, barring her from using the name Cozy Kittens and Cuddly Cats and barring her from using any name, in the operation of her cat breeding business, which includes the term Cozy Kittens, pursuant to 15 U.S.C. § 1116.

39. Defendant Kathleen Heineman has used the name "Cozy Kittens and Cuddly Cats" in the operation of her competing cat breeding business continuously during the past two years, or more, and continues to use that name through the date of filing this Petition, in violation of the Plaintiffs' trade-mark/service mark, entitling Plaintiffs to recover damages in a sum in excess of $50,000.00, treble damages in a sum in excess of $150,000.00, the amount of profits that Defendant Kathleen Heineman has received in the operation of her competing cat breeding, and attorneys' fees in a sum in excess of $50,000.00, or, alternatively, attorneys' fees and statutory damages in the sum of $100,000.00 and additional statutory damages for willful violations of the Lanham Act in a sum of $1,000,000.00, pursuant to 15 U.S.C. § 1117.

40. Defendant Kathleen Heineman's violation of Plaintiffs' trade-mark rights was willful, as reflected by ¶¶ 13-23 as fully set forth in Count I above, which paragraphs are incorporated herein by reference.

WHEREFORE, under Count IV, all three Plaintiffs pray for judgment against Defendant Kathleen Heineman and for the award of attorneys' fees in a sum in excess of $50,000.00, plus

compensatory damages in a sum in excess of $100,000.00, plus damages for willful violation of the Act in the sum of $1,000,000.00, plus court costs.

David M. Duree, MBE 21003
David M. Duree & Associates, P.C.
P.O. Box 771638
St. Louis, MO 63177-1638
Tel: 314-621-5751
Fax: 314-621-0322
Email: law@dmduree.net

Attorney for Plaintiffs, Susan Johnson, Robert Johnson and Cozy Kittens Cattery, LLC

11